UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SHWIFF, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, et al.,<br><br>         Defendants. | Case No.: 13-cv-02272-YGR<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND, DENYING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES, AND DENYING AS MOOT DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S MOTION TO DROP AND DISMISS** |

Plaintiffs Elizabeth Shwiff and Shwiff, Levy & Polo, LLP filed this action in San Francisco County Superior Court on April 17, 2013. Plaintiffs allege five claims against four named Defendants[1]: (1) breach of contract against the Hartford Entities; (2) tortious breach of contract based on the covenants of good faith and fair dealing against the Hartford Entities; (3) declaratory relief against the Hartford Entities; (4) professional negligence against the Tressler Firm and White; and (5) breach of fiduciary duty against the Tressler Firm and White. Hartford Casualty filed a Notice of Removal of Civil Action Under 28 U.S.C. Sections 1332 and 1441a, based on diversity jurisdiction ("Notice of Removal"). (Dkt. No. 1.)

Hartford Casualty filed a Motion to Drop and Dismiss on May 23, 2013 ("Motion to Dismiss"). (Dkt. No. 7.) In the Motion to Dismiss, Hartford Casualty seeks dismissal of the Tressler Firm and White as improperly-named sham defendants. Hartford Casualty argues that Plaintiffs

---

[1] The Defendants are: (1) Hartford Casualty Insurance Company ("Hartford Casualty"); (2) The Hartford Financial Services Group ("Hartford Financial"); (3) Tressler, LLP ("Tressler Firm"); and (4) Paul S. White ("White"). The Court will refer to Hartford Casualty and Hartford Financial as the "Hartford Entities."

cannot state a claim against either defendant because they were Hartford's coverage counsel, and not Plaintiffs' counsel.

Plaintiffs filed a Motion for Remand of This Case Back to State Court and Request for Attorneys' Fees ("Motion for Remand") on the ground that Hartford Casualty cannot establish the probity of removal pursuant to diversity jurisdiction. (Dkt. No. 15.) Plaintiffs purport to identify numerous deficiencies in the Notice of Removal. In addition, Plaintiffs argue that the Tressler Firm and White were not fraudulently joined and their California citizenship defeats removal jurisdiction. Finally, Plaintiffs seek attorneys' fees in connection with both pending motions because Hartford Casualty did not have an objectively reasonable basis for removing this action based on diversity jurisdiction ("Request for Attorneys' Fees").

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion for Remand, **DENIES** Plaintiffs' Request for Attorney Fees, and **DENIES** the Motion to Dismiss as moot.[2]

The Court first addresses the issue of fraudulent joinder. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (alteration in original) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). To determine whether joinder is fraudulent, a court may consider the allegations of the complaint and facts presented by defendant in its notice of removal. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *West America Corp. v. Vaughan-Bassett Furniture Co., Inc.*, 765 F.2d 932, 936 n.6 (9th Cir. 1985) (affidavits may be considered in determining whether joinder is fraudulent on motion to remand).

The burden of proving fraudulent joinder is a heavy one. *Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1113 (C.D. Cal. 1999). " The removing party must prove that there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action

---

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the pending motions appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearings set for September 17, 2013.

against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* (quoting *Green v. Amerada Hess Corporation,* 707 F.2d 201, 205 (5th Cir. 1983)) (emphasis supplied).[3]  "The mere fact that a claim is ultimately unsuccessful does not necessarily mean that its joinder was fraudulent." *Davis*, 66 F. Supp. 2d at 1115.  Because there is a presumption against fraudulent joinder, a court should resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.  *Id.* at 1113; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

Plaintiffs allege in the Complaint that the Hartford Entities hired the Tressler Firm "to represent both them [the Hartford Entities] and its insureds [Plaintiffs] in a certain legal matter." (Compl. ¶ 13.)  In addition, the Hartford Entities hired White "to ostensibly represent both them [the Hartford Entities] and its insureds [Plaintiffs] in a certain legal matter."  (*Id.*)  Hartford Casualty disputes this and argues that Plaintiffs cannot state a claim against the Tressler Firm or White because they did not represent Plaintiffs and therefore did not owe them any professional or fiduciary duties.  In support of the argument that no attorney-client relationship existed, Hartford Casualty presented the Court with declarations from White and Jason Price, a Home Office Claims Consultant for Hartford Casualty, wherein they both state that the Tressler Firm and White were retained to represent Hartford only.  (Dkt. No. 18 ¶ 4; Dkt. No. 20 ¶ 4.)[4]  Hartford Casualty concludes that the Tressler Firm and White have thus been named for the sole purpose of destroying diversity and, as such, their citizenship cannot support Plaintiffs' Motion for Remand.

Here, Hartford Casualty raises a question of fact regarding whether an attorney-client relationship could possibly have existed between the Tressler Firm and White, on the one hand, and Plaintiffs, on the other.  It has presented only conclusory declarations on this point, whereas Plaintiffs have alleged that the Tressler Firm and White were also retained to represent them.  Resolving this

---

[3] Hartford Casualty only argues that Plaintiffs cannot state a claim against the Tressler Firm and White, not that Plaintiffs engaged in outright fraud in pleading jurisdictional facts.

[4] Hartford Casualty did not provide the Court with a copy of the retention agreement because it is subject to attorney-client privilege, but suggests an in camera review if the Court believes its review is necessary.

3

disputed question of fact in favor of the non-removing party (Plaintiffs), the Court cannot conclude that the joinder of the Tressler Firm and White was fraudulent and, accordingly, the Court will not disregard their citizenship for diversity jurisdiction purposes. While it may be true that the Hartford Entities did, in fact, retain the Tressler Firm and White solely to represent Hartford, the Court cannot say with certainty that there is absolutely *no* possibility that Plaintiffs cannot prevail in showing that they were retained to also represent them. *Davis*, 66 F. Supp. 2d at 1113 (citing *Green,* 707 F.2d at 205); *see Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1079 (C.D. Cal. 1999).[5] Likewise, the Court cannot say that there is no possibility of Plaintiffs prevailing based Hartford Casualty's vague argument that a litigation privilege bars the claims.

Because White is alleged to be a citizen of California (Compl. ¶ 12) and Hartford Casualty concedes that Plaintiffs are California citizens (Notice of Removal ¶¶ 13), there is a lack of diversity and this Court does not have subject matter jurisdiction over this action. In light of this determination, the Court need not reach the additional arguments raised in the Motion for Remand based on purported deficiencies in the Notice of Removal. Pursuant to 28 U.S.C. section 1447(c), this action is hereby **REMANDED** to the San Francisco County Superior Court. Plaintiffs' Request for Attorneys' Fees is **DENIED**.

Having remanded this action, the Court **DENIES** the pending Motion to Dismiss as moot.

The Clerk of this Court is ordered to forward certified copies of this Order and all docket entries to the Clerk of the San Francisco County Superior Court and close the file.

This Order terminates Dkt. Nos. 7 & 15.

---

[5] In *Levine*, the district court held that the plaintiff had adequately alleged an individual defendant's status as a dual agent to raise a possibility of liability. 41 F. Supp. 2d at 1079. There, the court noted that if an insurance agent was a dual agent, as alleged in the complaint, he would have owed a duty to both the insurer and the insured and could, consequently, be liable to the insured for negligence and other tortious behavior. *Id.* Despite the defendant asserting there was no possibility that plaintiff could assert claims against him, the court held that "the determination of dual agency status is a question of fact, and because all questions of fact must be decided in favor of the nonremoving party, the Court hereby determines that Prell [the individual defendant] is not a fraudulent or sham defendant." *Id.* at 1079–80 (remanding action for lack of total diversity of citizenship under 28 U.S.C. § 1447(c)).

1    **IT IS SO ORDERED.**

3    Dated: September 13, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**